IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES L. WILLIAMS,

    Plaintiff,                    No. CIV S-09-0540 JAM EFB P

    vs.

L. ORTIZ, et. al.

    Defendants.           ORDER AND
                                      FINDINGS AND RECOMMENDATIONS

_____/

       Charles Williams, an inmate confined at California Men's Colony State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint concerns events alleged to have occurred while he was housed at California State Prison Sacramento. In addition to filing a complaint, he has filed an application to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.  Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 2. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II.  Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff claims that, despite his repeated protestations, defendants Ortiz, Stinson, and Lebeck made him wear broken shower sandals and walk down a flight of stairs when he had a cane, a bad knee, and was dizzy and drowsy from medication. He alleges that as a consequence he fell and was injured. The court notes that the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Ortiz, Stinson, and Lebeck.

The complaint does not state a cognizable claim against defendant Malfi. Plaintiff asserts that, as the warden of the prison, Malfi is responsible for the actions of his subordinates. Plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A supervisor may be held liable in his or her individual capacity "'for his own culpable action or inaction in the training, supervision or control of his subordinates.'" *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)). "A supervisor is only liable for constitutional violations of his subordinates if the

supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, plaintiff does not assert that Malfi participated in or knew of the violations. Therefore, plaintiff's claims against Malfi should be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the pleading are sufficient at least to state cognizable claims against defendants L. Ortiz, A. Stinson, and J. Lebeck. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed February 25, 2009, three USM-285 forms and instructions for service of process on defendants Ortiz, Stinson and Lebeck. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and four copies of the February 25, 2009 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Ortiz, Stinson and Lebeck will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Further, it is hereby RECOMMENDED that plaintiff's claims against defendant Anthony J. Malfi be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 12, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES L. WILLIAMS,

        Plaintiff,                    No. CIV S-09-0540 JAM EFB P

    vs.

L. ORTIZ, et. al,

        Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _1_        completed summons form

        _3_        completed forms USM-285

        _4_        copies of the February 25, 2009 Complaint

Dated:

                                                    Plaintiff